# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9191 | **DATE** | 2/26/2004 |
| **CASE TITLE** | Zeedyk vs. Federal Express Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Remand and Motion to Reconsider

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Plaintiff Zeedyk's motion to remand [8-1] and motion to reconsider [13-1] are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| X | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | RJ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

SCOTT ZEEDYK )
)
Plaintiff, )
)
v. ) No. 03 C 9191
)
FEDERAL EXPRESS CORP., ) Honorable Joan B. Gottschall
d/b/a FEDEX EXPRESS CORP., )
)
Defendants. )

### MEMORANDUM OPINION AND O R D E R

Plaintiff Zeedyk originally filed this action in Illinois state court, seeking money damages in excess of $50,000 for defendant Federal Express Corporation's ("Fed Ex") alleged violations of the Illinois Workers' Compensation Act. Fed Ex timely removed the action to this court on diversity grounds. *See* 28 U.S.C. §§ 1446, 1332. Fed Ex avers in its notice of removal that the parties are citizens of different states and that on its face Zeedyk's complaint contemplates damages in excess of $75,000, the jurisdictional minimum. Zeedyk concedes that the parties are diverse citizens but contests removal on the ground that Fed Ex has neither shown with reasonable certainty that Zeedyk's damages will exceed $75,000 nor complied with Local Rule 81.2, which provides a means for ascertaining the amount in controversy when it was not pleaded with specificity in the original complaint. N.D. Ill. LR 81.2. Fed Ex admits that it did not fulfill the requirements of LR 81.2 but argues that compliance with the rule was unnecessary because it was obvious from the face of Zeedyk's complaint that the

amount in controversy exceeds $75,000.

On January 14, 2004, the court scheduled briefing on Zeedyk's motion to remand and, since Fed Ex had not yet complied with LR 81.2, gave Fed Ex leave to serve interrogatories on Zeedyk regarding the amount in controversy within 48 hours. Zeedyk then asked the court to reconsider its order, claiming that it would be unfair and a manifest error of law to require him to quantify and disclose his damages so early in the litigation proceedings. Now before the court are Zeedyk's motion to remand and motion to reconsider; for the reasons that follow, both motions are granted.

This is not the first time a court in this jurisdiction has faced the task of interpreting LR 81.2 in light of the federal removal statute and the requirements for federal diversity jurisdiction. *See, e.g., Robinson v. Mars, Inc.*, No. 03 C 4682, 2003 U.S. Dist. LEXIS 17529 (N.D. Ill. Oct. 1, 2003); *Rubel v. Pfizer*, 276 F. Supp. 2d 904 (N.D. Ill. 2003); *RBC Mortgage Co. v. Couch*, 274 F. Supp. 2d 965 (N.D. Ill. 2003); *Turner v. Goodyear*, 252 F. Supp. 2d 677 (N.D. Ill. 2003); *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002); *Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880 (N.D. Ill. July 23, 2002); *Savaglio v. Price*, No. 00 C 4358, 2001 U.S. Dist. LEXIS 692 (N.D. Ill. Jan. 25, 2001). Removal is governed by 28 U.S.C. § 1446(b), which provides that a defendant has 30 days after receiving notice of a removable action to file a petition for removal in the appropriate federal district court. If a defendant seeks removal based on diversity, 28 U.S.C. § 1332 requires that the opposing parties be citizens of different states and that the amount in controversy exceed $75,000. In cases where a defendant seeks to remove an action from Illinois state court on diversity grounds and the complaint does not contain an express *ad damnum*, LR 81.2

provides that the notice of removal shall include a response to an interrogatory or request for admission served by the defendant upon the plaintiff stating that the damages actually sought by the plaintiff exceed the jurisdictional amount or declining to agree that the damage award to the plaintiff will not exceed the jurisdictional amount. "[T]he local rule is mandatory, and failure to comply subjects the case to remand; a defendant would ignore the local rule at its peril." *Robinson*, 2003 U.S. Dist. LEXIS 17529, at * 3.

Courts in this jurisdiction have disagreed about how LR 81.2 ought to be enforced, primarily in cases where, despite the lack of an *ad damnum*, the amount in controversy may reasonably be ascertained from the face of the complaint. *See RBC Mortgage*, 274 F. Supp. 2d at 969 ("in some cases the defendant is responsible for ascertaining from a reasonable and commonsense reading of the complaint whether the action is removable"); *McCoy*, 226 F. Supp. 2d at 943. When faced with such a complaint, a defendant removing to the Northern District of Illinois seems to have two options: one, it can file a notice of removal within 30 days of receiving the complaint, as required by § 1446(b), and risk a needless and time-consuming remand if the plaintiff later declares the amount in controversy to be less than $75,000, *see Turner*, 252 F. Supp. 2d at 680 ("If courts permit removal when subject-matter jurisdiction is only suspected, some cases will pointlessly travel to federal court, only to be remanded when plaintiff's intentions are clarified."); or two, defendant can seek a response to an interrogatory or an admission from plaintiff concerning the amount in controversy, as required by LR 81.2, and risk an untimely removal if the plaintiff fails to provide the information within the 30 days allowed by § 1446(b), *see McCoy*, 226 F. Supp. 2d at 943 (finding removal action untimely where "the removability of plaintiff's complaint was
<mark>3</mark>

obvious from the face of the complaint, and that therefore [defendant] should have removed the case within 30 days of receiving the initial complaint").

Notwithstanding the *McCoy* decision, the majority of courts in this jurisdiction have insisted on strict compliance with LR 81.2 without exception for those cases whose removability might otherwise be determined "from a reasonable and commonsense reading of the complaint." *See, e.g., Robinson*, 2003 U.S. Dist. LEXIS 17529; *Rubel*, 276 F. Supp. 2d 904; *Turner*, 252 F. Supp. 2d 677; *Height*, 2002 U.S. Dist. LEXIS 13880; *Savaglio*, 2001 U.S. Dist. LEXIS 692. The practical effect of enforcing LR 81.2 this way is to render all actions filed in Illinois state courts without an express *ad damnum* unremovable until proven otherwise. The court in *McCoy* "fundamental[ly] disagree[d]" with this premise, opining that to the extent LR 81.2 provides the exclusive removal procedure for this class of cases and prohibits removal based on the face of the complaint under any circumstance, it "interferes with the federal removal statute's policy of expediting proceedings in the appropriate forum." 226 F. Supp. 2d at 942-43. This court respectfully disagrees, believing instead that "[r]eading a complaint such as [Zeedyk's] as ambiguous, and not subject to immediate removal, provides a way to read LR 81.2 so that it does not run afoul of § 1446(b)." *Robinson*, 2003 U.S. Dist. LEXIS 17529, at * 4.

In this case, the court attempted to cure the defect in Fed Ex's removal notice by giving Fed Ex leave to obtain the information required by LR 81.2 from Zeedyk after the removal notice was filed and after Zeedyk moved to remand. Instead, faced with a notice of removal that was required to, but did not, comply with LR 81.2, the court should have immediately remanded the action to state court. *See Rubel*, 276 F. Supp. 2d at 909 ("defendants' failure to obtain an admission or interrogatory response from plaintiff pursuant to LR 81.2(2) compels

4

remand to state court"). In light of this, Zeedyk's motions for reconsideration and for remand are hereby granted.[1]

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATE: February 26, 2004

---

[1] Although the court holds that this action is not removable at this time due to the unspecified amount in controversy and Fed Ex's failure to follow LR 81.2, Fed Ex may try again if it discovers later that the case is in fact removable, e.g., if it learns from plaintiff that the amount in controversy exceeds $75,000. *See Benson v. SI Handling Syst., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal."). In the event that Fed Ex files a subsequent removal notice, it must of course comply fully with the requirements of both LR 81.2 and § 1446(b).

5